# Cases

WILHELMINA HAACK, Appellant, v. JOHN H. WEICKEN, Executor, etc., of HEINRICH A. HAACK, Deceased, and Others, Respondents.

*Election — a devisee, by electing to take under a will, waives a right to enforce a claim inconsistent with its other provisions.*

Upon the trial of this action, brought to reform a deed executed to the plaintiff's husband, Heinrich A. Haack, pursuant to an agreement for the partition of land devised by the plaintiffs father to his four children, it was shown that the inten · tion was that the property described therein should be conveyed to the plaintiff and her husband, and that the latter should pay $10,000 (one-half the value of the property) to another devisee. By the directions of the plaintiff's husband the deed was so made out as to convey the whole of the property to him, the name of the plaintiff being wholly omitted therefrom, which fact was not known to her or the party who executed the deed, he having neglected to read it, or to the other parties to the partition agreement, until after the death of the husband, which occurred several years after his receipt of the deed.

The husband left a will by which he gave and devised to the plaintiff a dwelling-house and property in Brooklyn, together with the sum of $10,000, and declared these provisions to be in lieu of dower. After certain specific bequests, he gave all the rest, residue and remainder of his property, without other description, to his two sisters and a brother. The plaintiff, after learning that her name had been omitted in the deed and that the whole property had been conveyed to her husband, received under the provisions of this will a number of payments of portions of the legacy given to her, and also kept possession of the dwelling-house devised to her, and demanded that the executor should proceed

---

* Decisions handed down December 31, 1886.

and pay off a mortgage existing thereon as a debt of the estate, and delayed for a considerable period of time to commence proceedings to reform the deed.

*Held,* that upon learning that her name had been omitted from the deed, the plaintiff was put to her election either to take under the will or to pursue her remedy by reformation of the deed, and that, in this case, she must be held to have elected to take under the will, and to have thereby lost the right to resort to the other remedy.

APPEAL from a judgment of the New York Special Term, dismissing the plaintiff's complaint, with costs.

*H. C. Place,* for the appellant.

*Rabe & Keller,* for the respondents.

DAVIS, P. J.:

This action was brought to reform a deed executed by one John A. Ropke to the defendant's testator, Heinrich A. Haack. The deed was executed to consummate an agreement of partition of certain lands devised by the plaintiff's father to his four children, of whom the plaintiff was one. One parcel of the land was situate in the city of New York, and that was considered to be equal in value to one-half of the property devised, and was estimated at $20,000. It was arranged between the parties that this parcel should be conveyed to Heinrich A. Haack, then the husband of the plaintiff, and the plaintiff, and that Heinrich A. Haack should pay to another of the devisees the sum of $10,000, half of its estimated value. It was satisfactorily shown to have been the intention of all the parties that the deed conveying this parcel of property should be made to the plaintiff and her husband, as joint grantees, so that the interest of the plaintiff in her father's estate should be represented in the grant, as well as the interest which her husband acquired by the purchase of the share of another of the devisees. It was shown, also, that by direction of the plaintiff's husband the deed was made out to him in such form as to convey the whole of the property to him, the name of the plaintiff, his wife, being wholly omitted from the deed. The fact of such omission was unknown to the plaintiff, and to the party who executed the deed as grantor, he having neglected to read it, but executed it assuming that it was in accordance with the mutual agreement.

Heinrich A. Haack, the grantee, died June 5, 1883, several years

after taking the above-mentioned conveyance. It was proven, also, upon the trial that the plaintiff did not know of the fact that the deed had not been taken in the joint names of herself and husband until after his decease, and that that fact also was not known to the other parties to the partition agreement.

Heinrich A. Haack left a will, by which he gave and devised to the plaintiff a dwelling-house and property situated in Brooklyn, and in which they resided, and also the sum of $10,000, and these provisions were declared to be in lieu of dower. He gave certain specific bequests to other persons, and then gave and devised all the rest, residue and remainder of his property, without other description, to his sisters, Wilhelmina Hopke and Mary Oest, and his brother, Dederick Haack.

The plaintiff, after learning the fact that her name had been omitted in the deed, and that the whole property had been conveyed to her husband, received under the provisions of his will a number of payments of portions of the legacy given to her, and also kept possession of the dwelling-house devised to her, and demanded that the executor should proceed and pay off a mortgage existing thereon as a debt of the estate. She delayed to commence proceedings to reform the deed for a considerable period of time after her knowledge of the alleged mistake, and after the payments made to her under the will of her husband.

The court below found, as matter of fact, that there was no mistake in the omission of her name from the deed to her husband, and refused to find that there was any fraud on his part in having the deed prepared in that form, substantially, it is supposed, on the ground that no fraud was charged in the complaint. He found, also, in substance that the plaintiff, by her acts after she learned the fact subsequently to her husband's death, that the deed had been made to him alone, in receiving portions of the legacy and asserting other claims under the provisions of his will, had elected to take such provisions in lieu of any claim which she might otherwise have had to reform the deed.

We think the learned court ought to have found, on the evidence in this case, that the deed was made and executed under a mistake on the part of the grantor, who testified that he supposed it to be in accordance with the agreement that was made, and on the part

of the plaintiff, who supposed until after her husband's death, that her name as joint grantee was embodied in the deed ; and he might well have fonnd that the decedent made a mistake in giving his directions to the scrivener who drew the deed, as otherwise his conduct would have been a palpable fraud. The findings of the court to the contrary would require a reversal of this judgment, and a new trial if the other ground upon which the court also directed the judgment were not fatal to the plaintiff's recovery.

It is a well settled principle of law and equity, where a testator devises and bequeathes portions of his property to a beneficiary under his will, and also by his will devises and bequeathes a residuary estate to other beneficiaries, which necessarily embraces property claimed by him, but in which the former beneficiary owns or claims to own an interest, that the acceptance by such beneficiary of the provisions of the will, with knowledge of the fact that the testator has thereby disposed of the property in which he claims an interest, will be held to be an election by him to take under the provisions of the will instead of asserting and pursuing a claim to the property devised or bequeathed to the residuary legatees. In this case, if the plaintiff takes under the provisions of the will, and succeeds in asserting her title also to the real estate deeded to her husband, she will substantially receive the entire amount of her husband's estate, and thus cut off the residuary legatees from that portion which it is manifest the testator intended to devise and bequeath to them. As joint grantee of the deed to herself and husband, she would take title to the whole of that property as survivor ; as devisee she would take the house and lots in Brooklyn ; and this comprises the whole of the real estate of which the testator died seized ; and her legacy of $10,000, together with the payment of the debt of $5,000 owing on the mortgage, would substantially absorb the entire estate.

This state of facts, we think, did put her to her election whether to take under the will or to pursue her remedy by reformation of the deed, and under the authorities cited by the learned counsel for the respondent, we think the case is one in which she must be held to have elected, and thereby to have created an equitable estoppel to the prosecution of this action. (*Thellusson* v. *Woodford*, 13 Vesey, 224; *Ker* v. *Wauchope*, 1 Bligh, 21, 22 ; *Tibbits* v. *Tibbits*, 19

Vesey, 663; and *Havens* v. *Sackett*, 15 N. Y., 365, 369.)   In this last case, at page 369, DENIO, C. J., states the rule as follows: "One who accepts a benefit under a deed or will must adopt the whole contents of the instrument, conforming to all its provisions and renouncing every right inconsistent with it.   For example, if a testator has affected to dispose of property not his own, and has given a benefit to the person to whom that property belongs, the legatee or devisee accepting the benefit so given to him must make good the testator's attempted disposition."

Our conclusion is, therefore, that the judgment must be affirmed upon the ground last considered in this opinion, but, under the circumstances, without costs.

DANIELS, J., concurred.

BRADY, J.:

I concur, as the authorities seem to force the result declared, although I do not understand why the plaintiff's land should be lost by her acceptance of the provisions in lieu of dower, when there is nothing in the will which declares that it was thus intended by the testator to extinguish all other personal claims against the estate.   She was entitled to dower by law.

Judgment affirmed, without costs.